In re David A. BIERLY & Brenda L. Bierly, Debtors.

Vinson V. BIERLY & Alice K. Bierly, Plaintiffs,

v.

David A. BIERLY & Brenda L. Bierly, Defendants.

Bankruptcy No. 5–82–00173.
Adv. No. 5–82–0143.

United States Bankruptcy Court,
M.D. Pennsylvania.

Nov. 4, 1982.

58

L. Waldo Herritt, Jersey Shore, Pa., for plaintiffs.

Scott A. Williams, Waterville, Pa., for defendants.

OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiffs, Vinson V. Bierly and his wife, commenced an adversary proceeding to reclaim certain property previously transferred to the debtors through contract. We grant the relief requested as to the real property since both the trustee and the debtors have consented. We deny the plaintiffs' request to reclaim the personalty since they failed to record their security interest as is required by Pennsylvania law.

The plaintiffs executed an installment sale contract on June 15, 1978, for the purpose of conveying three parcels of realty to the debtors and to Richard G. Bierly and his wife. At the time of the signing of the contract, a restaurant was in operation on one of the properties. Numerous items of personalty in the restaurant were conveyed to the vendees pursuant to the terms of the contract. The parties dispute whether the contract conveyed the personalty absolutely or through conditional sale. The contract was recorded with the county recorder of deeds but no filing was made in accordance with the Pennsylvania Uniform Commercial Code. The debtors filed for relief under the Bankruptcy Code on March 5, 1981.

The plaintiffs commenced suit through a complaint to reclaim the personalty in question which was duly answered by the trustee and the debtors. Shortly thereafter the plaintiffs filed an "application to compel adoption or rejection of executory agreement," i.e., the alleged installment sale contract. The trustee timely responded to the application. We will now resolve these two requests for relief.

The parties agree that the contract of June 15 was an installment sale contract as to the three parcels of realty. The plaintiffs contend that the contract also operated as an installment sale of the personalty which reserved title in them until satisfaction of the indebtedness. The debtors allege that the contract conveyed absolutely the plaintiffs' full interest in the personalty as of the contract date and did not act as a conditional sale or the reservation of a security interest. The testimony offered in this regard by the opposing parties was flatly contradictory.

If the contract conveyed the plaintiffs' full interest in the property without reservation of a security interest, they have no legal basis to seek reclamation. If the contract acted as a conditional sale or a reservation of title, the plaintiffs again have no basis for reclamation, as is discussed below, since their claim is unsecured due to their failure to file a financing statement in accordance with the Pennsylvania Uniform Commercial Code. Since it is unclear whether the contract in question is an absolute sale or a conditional sale, for the sake of a more complete discussion we will assume that the plaintiffs' position is correct in that the contract provided for the installment sale of the personalty.

Excluding exceptions which are not relevant here, Division 9 of the Pennsylvania Uniform Commercial Code, 13 Pa.Cons.Stat. §§ 9101, et seq., "applies so far as concerns any personal property and fixtures within the jurisdiction of this Commonwealth: (1)

to any transaction (regardless of its form) which is intended to create a security interest in personal property. . . ." § 9102(a). Division 9 also "applies to security interests created by contract including pledge, assignment, chattel mortgage, chattel trust, trust deed, factor's lien, equipment trust, *conditional sale*. . . ." § 9102(b) (emphasis added). In accord with our assumption that the contract was a conditional sale contract of the personalty, we find that the purpose of the contract was for the creation of a security interest and, thus, is governed by Division 9 of the Pennsylvania UCC. This is true regardless of who holds record title to the goods.[1]

As a general rule under the Uniform Commercial Code a "financing statement must be filed to perfect all security interests" governed by Division 9. § 9302(a). The exceptions to this rule are not pertinent here. The proper place for the filing of a financing statement is designated by § 9401 which indicates that the place for filing the statement for goods such as those in dispute in this case is:

> (3) In all other cases, in the office of the Secretary of the Commonwealth and in addition, if the debtor has a place of business in only one county of this Commonwealth, also in the office of the prothonotary of such county, or, if the debtor has no place of business in this Commonwealth, but resides in the Commonwealth, also in the office of the prothonotary of the county in which he resides.

§ 9401(a)(3). The parties agree that the plaintiffs did not file a UCC financing statement. As a result, the plaintiffs' filing of the installment sale contract in the office of the county recorder of deeds is insufficient to perfect their security interest in the personalty under the conditional sale contract.

The plaintiffs' "unperfected security interest is subordinate to the right of . . . (2) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected. . . ." § 9301(a).

The Bankruptcy Code gives the trustee in bankruptcy the status of such a lien creditor over property of the estate. 11 U.S.C. § 544(a)(1). Consequently, the plaintiffs have no security interest in the personalty and cannot reclaim said property from the estate. Since the parties have consented to the plaintiffs' reclamation of the real property and since the plaintiffs have no security interest in the personalty, the installment sale contract is no longer executory; there remains nothing more than an unsecured obligation to pay money. This renders the plaintiffs' request for adoption or rejection of the contract moot.

For the above reasons the plaintiffs' request for relief is denied in full. Judgment will be entered on behalf of the debtors.

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.

---

1. "Each provision of this of this division with regard to rights, obligations and remedies ap-

plies whether title to collateral is in the secured party or in the debtor." § 9202.